IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN E. ROTT, (*pro se*) | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1041-M |
| | ) | |
| OKLAHOMA TAX COMMISSION, | ) | |
| STATE OF OKLAHOMA, | ) | |
| JAY L. HARRINGTON, | ) | |
| THOMAS E. KEMP, JR., | ) | |
| JERRY JOHNSON, CONSTANCE IRBY, | ) | |
| KATHY HUGHES, | ) | |
| DOUGLAS H. SHULMAN, | ) | |
| STEVEN T. MILLER, | ) | |
| DANIEL I. WERFEL, MARY HANNAH, | ) | |
| LAYNE CARVER, BILL R. BANOWSKY, | ) | |
| WILLIAM J. WILKINS, and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is defendants United States of America, Internal Revenue Service ("IRS") Commissioner Douglas Sulman, former Acting IRS Commissioner Steve Miller, current Acting IRS Commissioner Daniel Werfel, IRS operations mangers Mary Hannah and Layne Carver, IRS compliance director Bill Banowsky, and IRS Chief Counsel William Wilkins' (hereinafter, collectively "defendants") Motion to Dismiss, filed November 15, 2013. On December 04, 2013, plaintiff filed his response, and on December 06, 2013, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.       Introduction

Plaintiff filed this instant action alleging that defendants violated his rights when they wrongfully assessed and attempted to collect income taxes from him. After parsing through his over 200 pages long First Amended Petition and attached exhibits, it appears to the Court that this case arises out of plaintiff's alleged prior tax liabilities. In addition, it appears plaintiff filed a federal tax return for the 2009 tax year resulting in an alleged overpayment and that defendants applied this overpayment to his 2006 tax liabilities. Plaintiff refused to pay the assessed taxes asserting that he is not a taxpayer for the years at issue, other than the year 2009. Plaintiff now seeks declaratory relief that he is not a taxpayer, injunctive relief compelling defendants to stay all administrative activities during the pendency of this litigation, money damages (including punitive damages), and a refund of his overpayment for the tax year 2009. Defendants filed this instant motion to dismiss on the basis that plaintiff's claims are barred by the doctrine of sovereign immunity, fail for lack of subject matter jurisdiction, and fail to state a claim upon which relief can be granted. In addition, defendants assert that plaintiff's claims against the individually-named defendants should be dismissed because plaintiff has made frivolous claims against the individually-named defendants and failed to serve these individuals.

II.      Standard of Review

A plaintiff has the burden of establishing subject matter jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack depends on the allegations in the complaint as to subject matter jurisdiction and, thus, implicates the sufficiency of the complaint. *See id.* In contrast, a factual attack occurs when a party goes beyond the allegations contained in the

complaint and challenges the facts upon which subject matter jurisdiction depends. *See id.* "In reviewing a facial attack, the district court must accept the allegations in the complaint as true." *Id.* However, in determining subject matter jurisdiction where there is a factual attack, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* at 1003. In the course of a factual attack under Rule 12(b)(1), "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *See id.* (citation omitted).

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish

an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Lastly, the Court construes a *pro se* litigant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). However, *pro se* parties must still "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotations and citation omitted).

III. Discussion

It is well settled that

[t]he concept of sovereign immunity means that the United States cannot be sued without its consent. Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived. Consequently, plaintiffs may not proceed unless they can establish that the United States has waived its sovereign immunity with respect to their claim.

*Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (internal quotations and citations omitted). [1]

A. United States' Immunity from Tort Claims

Defendants assert that the United States is immune from plaintiff's claims for damages for claims sounding in tort. Generally, the "FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (internal quotations and citation omitted). "[T]he FTCA allows the United

---

[1] Further, having found below that plaintiff has failed to allege a waiver of sovereign immunity, the Court finds that plaintiff's request for punitive damages is also barred. *See Brooks v. Graber*, 00-2262-DES, 2000 WL 1679420, at *7 n.5 (D. Kan. Nov. 6, 2000), *aff'd*, 15 F. App'x 764 (10th Cir. 2001) ("The United States cannot be sued for punitive damages unless Congress explicitly authorizes such liability.") (citations omitted).

States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Id.* (citing 28 U.S.C. § 1346(b)(1)). However, the FTCA excludes "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). Accordingly, because plaintiff's claim against the United States clearly arises out of efforts to collect taxes, the Court finds that plaintiff's claims sounding in tort against the United States are barred.

Defendants also assert that the United States is immune from any damages claim arising out of any allegation that an IRS employee engaged in wrongful tax collection action. The Taxpayer Bill of Rights, 26 U.S.C. § 7433, provides that:

> [i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States[.]

26 U.S.C. § 7433(a). "Section 7433 constitutes a limited waiver of federal sovereign immunity. Consequently, allegations falling outside the scope of the statute do not merely fail to state a claim on the merits, but fail to invoke the subject matter jurisdiction of the courts." *Gass v. U.S. Dep't of Treasury*, No. 99-1179, 2000 WL 743671, at *2 (10th Cir. June 9, 2000). In addition, this provision "shall be the exclusive remedy for recovering damages resulting from such actions[,]" 26 U.S.C. § 7433(a), and plaintiff must exhaust all administrative remedies before bringing suit in a district court, 26 U.S.C. § 7433(d)(1).

In the case at bar, plaintiff has not sufficiently alleged that defendants disregarded any provision of the Internal Revenue Code or any regulation. In addition, plaintiff has not alleged that he has exhausted his administrative remedies. Accordingly, the Court finds that plaintiff is barred from bringing any claims under § 7433.

B.  <u>United States' Immunity from Injunctive and Declaratory Relief</u>

Plaintiff seeks injunctive relief compelling the IRS to stay all administrative activities during the pendency of this litigation. The Anti-Injunction Act, codified within the Internal Revenue Code, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The statute excepts petitions to the United States Tax Court for a redetermination of a proposed deficiency, 26 U.S.C. §§ 6212(a) and (c), 6213(a), and certain civil suits in the district court, 26 U.S.C. §§ 7426(a) and (b)(1), 6672(b), 6694(c) and 7429(b)." *Lonsdale v. United States*, 919 F.2d 1440, 1442 (10th Cir. 1990). Additionally, a judicial exception to the act permits an injunction: "if the taxpayer demonstrates that: 1) under no circumstances could the government establish its claim to the asserted tax; and 2) irreparable injury would otherwise occur." *Id.* (internal quotations and citations omitted).

Having carefully reviewed plaintiff's First Amended Petition, the Court finds that neither the statutory exceptions nor the judicial exception applies in the case at bar. Accordingly, the Court finds that plaintiff's request for an injunction is barred by the Anti-Injunction Act.

Plaintiff also seeks a declaratory judgment that he is not a federal taxpayer. While the Declaratory Judgment Act grants any court of the United States the discretion to grant declaratory relief under certain circumstances, the Act specifically excludes, absent certain exceptions not applicable here, controversies "with respect to Federal taxes". 28 U.S.C. § 2201(a). Accordingly, the Court finds that plaintiff's request for declaratory relief should be dismissed for lack of subject matter jurisdiction.

C. Claim for Refund

Plaintiff seeks a refund from his federal income tax filings in 2009. Section 1346(a)(1) of Title 28 of the United States Code provides:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; . . . .

28 U.S.C. § 1346(a)(1). However, full payment of the income tax assessment is a jurisdictional condition precedent to maintenance of a refund suit in a district court. *Flora v. United States*, 362 U.S. 145, 177 (1960). Additionally, the Internal Revenue Code provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Having carefully reviewed plaintiff's First Amended Petition, the Court finds that plaintiff has not alleged that he has fully paid the tax liabilities assessed against him or has filed a claim for refund or credit with the IRS. Accordingly, the Court finds that plaintiff has failed to satisfy the above-referenced jurisdictional prerequisites for filing a suit for a return of funds and that this Court, therefore, lacks jurisdiction.

### D. Individually-Named Defendants' Immunity

Defendants assert that the 7 individually-named defendants are immune from plaintiff's claims for actions taken in their official capacities. The Court agrees. In his lengthy First Amended Petition, plaintiff makes allegations involving these IRS employees' effort to collect unpaid federal tax liabilities and administrating the IRS collection efforts, i.e., conduct taken in their official capacity as agents of the United States. However, "[w]hen an action is one against

named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). Accordingly, because, as set forth above, the United States is immune from plaintiff's claims, the Court finds the individually-named defendants in their official capacity are immune from plaintiff's claims.

In addition, defendants assert that to the extent plaintiff attempts to assert *Bivens* claims against the individually named defendants, they should be dismissed. The Court agrees.

> Under certain circumstances, an action can be maintained against federal officials or agents in their individual capacities for violations of constitutional rights under color of federal law. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are not available, however, for the wrongful collection or assessment of taxes. Congress has expressly precluded such a remedy by declaring that existing statutes provide the exclusive mode of redress. *See Bush v. Lucas*, 462 U.S. 367, 373 (1983); *National Commodity & Barter Ass'n, National Commodity Exchange v. Gibbs,* 886 F.2d 1240 (10th Cir. 1989), *on remand*, 790 F. Supp. 233 (D. Colo. 1991), *aff'd in part*, *rev'd in part*, 31 F.3d 1521 (10th Cir. 1994).

*Weiss v. Sawyer*, 28 F. Supp. 2d 1221, 1229 (W.D. Okla. 1997). Accordingly, the Court finds that the remedy provided by congress for wrongful collection or assessment of taxes forecloses any claims for damages against the individually-named defendants under *Bivens*.

Further, "[t]he doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotations and citation omitted).

> [The Supreme Court] mandated a two-step sequence for resolving government officials' qualified immunity claims. First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) . . . make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

8

*Id.* (internal citations omitted).

In the case at bar, the Court finds plaintiff has failed to make out a violation of a constitutional right. Even after liberally construing plaintiff's extensive First Amended Petition and accepting plaintiff's factual allegations as true, and viewing the evidence in the light most favorable to plaintiff, the Court is unable to discern any colorable argument presented by plaintiff on the basis of violation of his constitutional rights, including his constitutional rights under the Contract Clause of Article I and the Fourth Amendment of the United States Constitution. Accordingly, the Court finds that plaintiff has failed to make out a violation of his constitutional rights and, as a result, the individually-named defendants are entitled to qualified immunity from plaintiff's § 1983 claims.

Accordingly, the Court finds plaintiff's claims against the individually-named defendants, in their official and personal capacity, should be dismissed.

E. Other Claims

To the extent plaintiff attempts to assert other claims, including on the basis that he is not a taxpayer, he never volunteered to be a taxpayer, and, as such, he is not subject to the internal revenue laws, the Court finds that these claims must be dismissed for failure to state a claim upon which relief can be granted. Specifically, the Court finds that plaintiff fails to support his assertions with authority, misapplies/misinterprets the law, and provides only conclusive and frivolous statements. *See, e.g.*, *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (noting that "this argument has been consistently and thoroughly rejected by every branch of the government for decades.").

IV.     Conclusion

Accordingly, the Court GRANTS defendants' Motion to Dismiss [docket no. 27] and DISMISSES plaintiff's claims against the United States of America, IRS Commissioner Douglas Sulman, former Acting IRS Commissioner Steve Miller, current Acting IRS Commissioner Daniel Werfel, IRS operations mangers Mary Hannah and Layne Carver, IRS compliance director Bill Banowsky, and IRS Chief Counsel William Wilkins.

**IT IS SO ORDERED this 6th day of June, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE