## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN E. ROTT, (*pro se*) | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1041-M |
| | ) | |
| OKLAHOMA TAX COMMISSION, | ) | |
| STATE OF OKLAHOMA, | ) | |
| JAY L. HARRINGTON, | ) | |
| THOMAS E. KEMP, JR., | ) | |
| JERRY JOHNSON, CONSTANCE IRBY, | ) | |
| KATHY HUGHES, | ) | |
| DOUGLAS H. SHULMAN, | ) | |
| STEVEN T. MILLER, | ) | |
| DANIEL I. WERFEL, MARY HANNAH, | ) | |
| LAYNE CARVER, BILL R. BANOWSKY, | ) | |
| WILLIAM J. WILKINS, and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants Oklahoma Tax Commission ("OTC"), State of Oklahoma ("State"), Administrative Law Judge of the OTC Jay L. Harrington, current Commissioner of the OTC and Chairman of the Commission Jerry Johnson, current Commissioner of the OTC and Vice Chairman of the Commission Constance Irby, former Commissioner of the OTC and former Secretary of the Commission in their official capacities (collectively, "OTC defendants") and OTC defendants', in their individual capacity, (hereinafter, collectively "defendants") Joint Special Appearance and Motion to Dismiss for: Lack of Subject Matter Jurisdiction, Improper Venue, and Failure to State a Claim Upon Which Relief May Be Granted [12 O.S. §§ 2012.B.1., 2012.B.3. and 2012.B.6.] ("Motion to Dismiss"), filed October 09, 2013. On November 19,

2013, plaintiff filed his response, and on November 25, 2013, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff filed this instant action alleging that defendants violated his rights when they wrongfully assessed and attempted to collect income taxes from him. After parsing through his over 200 pages long First Amended Petition and attached exhibits, it appears to the Court that this case arises out of plaintiff's alleged prior tax liabilities. Plaintiff refused to pay his taxes for several years asserting that he is not a taxpayer. Plaintiff now seeks declaratory relief that he is not a taxpayer, injunctive relief compelling defendants to stay all administrative activities during the pendency of this litigation, and money damages (including punitive damages). Defendants filed this instant motion to dismiss on the basis, among other assertions, that plaintiff's claims are barred by the doctrine of sovereign and qualified immunity, fail for lack of subject matter jurisdiction, and fail to state a claim upon which relief can be granted.

II.  Standard of Review

A plaintiff has the burden of establishing subject matter jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack depends on the allegations in the complaint as to subject matter jurisdiction and, thus, implicates the sufficiency of the complaint. *See id.* In contrast, a factual attack occurs when a party goes beyond the allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends. *See id.* "In reviewing a facial attack, the district court must accept the allegations in the complaint as true." *Id.* However, in determining subject matter jurisdiction where there is a factual attack, the "court

has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* at 1003. In the course of a factual attack under Rule 12(b)(1), "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *See id.* (citation omitted).

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes

them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Lastly, the Court construes a *pro se* litigant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). However, *pro se* parties must still "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotations and citation omitted).

III. Discussion

After parsing through plaintiff's extensive First Amended Petition and exhibits, it appears to the Court that plaintiff is asserting against defendants federal claims under §§ 1983, 1985, and 1986.

A. Immunity from 42 U.S.C. § 1983 Claim

Defendants assert that they are immune from plaintiff's vague constitutional violation allegations, including alleged violations of plaintiff's right under the Contract Clause of Article I of the United States Constitution and his Fourth Amendment right to be free from unreasonable search and seizures.

"A state and its agencies are not 'persons' subject to § 1983 liability." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id.* Therefore, because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983", *id.*, plaintiff cannot pursue a claim for damages against named defendants in their official capacity. Notwithstanding, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71 n.10 (citation omitted). However, even if plaintiff was permitted to assert a claim against the named defendants in their

4

official capacity for prospective injunctive relief, in the case at bar, as set forth below, plaintiff has failed to make out a violation of his constitutional rights and, thus, has failed to state a § 1983 claim.

Further, "[t]he doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotations and citation omitted).

> [The Supreme Court] mandated a two-step sequence for resolving government officials' qualified immunity claims. First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) . . . make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

*Id.* (internal citations omitted).

In the case at bar, the Court finds plaintiff has failed to make out a violation of a constitutional right. Even after liberally construing plaintiff's extensive First Amended Petition and accepting plaintiff's factual allegations as true, and viewing the evidence in the light most favorable to plaintiff, the Court is unable to discern any colorable argument presented by plaintiff on the basis of violation of his constitutional rights, including his constitutional rights under the Contract Clause of Article I and the Fourth Amendment of the United States Constitution. Accordingly, the Court finds that plaintiff has failed to make out a violation of his constitutional rights and, as a result, the named defendants are entitled to qualified immunity from plaintiff's § 1983 claims.

 B. <u>42 U.S.C. §§ 1985 and 1986 Claims</u>

Plaintiff attempts to assert a claim under 42 U.S.C. § 1985(2)[1] and (3). However, in order to assert a claim under § 1985(2) and (3), plaintiff must allege some racial or other class-based discriminatory animous. *See Peoples v. Gilman*, 109 Fed. Appx. 381, 384 (10th Cir. Sept. 23, 2004) (upholding the lower court's dismissal of plaintiff's 42 U.S.C. § 1985(3) claim because plaintiff "alleged no [class-based] discriminatory animus"); *Corp. Fin. Grp., Inc. v. McMahan*, CIV-08-1329-C, 2009 WL 564385, at *2 (W.D. Okla. Mar. 5, 2009) (citing *Smith v. Yellow Freight Sys., Inc.*, 536 F.2d 1320, 1323 (10th Cir. 1976)) ("In order to state a valid claim pursuant to 42 U.S.C. § 1985(2), Plaintiff must allege that the conspiracy was motivated by a racial or other class-based invidiously discriminatory animus."). Accordingly, because plaintiff has failed to allege any racial or other class-based invidiously discriminatory animous, the Court finds that plaintiff's § 1985 claims should be dismissed.

In addition, plaintiff attempts to assert a claim under 42 U.S.C. § 1986. However, to support a claim under § 1986, plaintiff first must have alleged sufficient facts to state a claim under § 1985(3).[2] Because plaintiff, as set forth above, has failed to assert a claim under § 1985(3), the Court finds that plaintiff's claim under § 1986 should also be dismissed.[3]

---

[1] While § 1985(2) has four causes of action, *see Brever v. Rockwell Int'l. Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994) (citation omitted), the first two causes of action are clearly inapplicable here as they involve conspiracies to deter a party or witness from testifying or attending proceedings in a federal court – which plaintiff has not sufficiently alleged in the case at bar. *See, e.g.*, *Corp. Fin. Grp., Inc. v. McMahan*, CIV-08-1329-C, 2009 WL 564385, at *1 (W.D. Okla. Mar. 5, 2009) ("The first two [causes of action under § 1985(2)], which concern interference with a witness's testimony in federal court, are clearly inapplicable to the present case.").

[2] Section 1986 provides for a cause of action against a party who had knowledge that a § 1985(3) violation is about to be committed, had the power to prevent it, and fails to do so. *See* 42 U.S.C. § 1986.

[3] The Court notes that plaintiff's claims also appear to be time barred as plaintiff asserts his § 1986 claims outside the one year statute of limitation time period. *See* 42 U.S.C. § 1986 ("No action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

C. Other Claims

After carefully reviewing plaintiff's First Amended Petition, the Court finds that are no federal claims remaining in this case.[4]  As the only causes of action of which this Court had original jurisdiction have been dismissed, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining causes of action, and therefore, the Court remands this case back to the state court for further proceedings.

IV.    Conclusion

Accordingly, the Court GRANTS defendants' Motion to Dismiss [docket no. 27] as it pertains to plaintiff's federal claims under §§ 1983, 1985, and 1986, DISMISSES plaintiff's federal claims against the OTC, the State, and the OTC defendants, in their individual and official capacities, and REMANDS this case back to the state court for further proceedings.[5]

**IT IS SO ORDERED this 6th day of June, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] To the extent plaintiff attempts to assert other federal claims on the basis that he is not a taxpayer, the Court finds that plaintiff's arguments are not supported by authority, are conclusive and speculative, and fail to sufficiently plead a claim upon which relief may be granted.

[5] In a separate order issued on this same date, the Court has dismissed all claims against the federal defendants.